IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

OLAOLUWA EMMANUEL DESMOND KALIKU,  )
                                Petitioner,  )
      v.  )    Case No. 24-3144-JWL
U.S. IMMIGRATION AND CUSTOMS  )
    ENFORCEMENT;  )
KEVIN RIDDLE, ICE Field Office Director;  )
JACOB WELCH, Warden, Chase County Detention  )
    Center,  )
                                Respondents.  )

## ORDER TO SHOW CAUSE

Petitioner has filed a petition for habeas corpus under 28 U.S.C. § 2241, claiming that he has been unreasonably detained for more than six months after his order of deportation signed on February 14, 2024. Petitioner cites 8 U.S.C. § 1231(a)(6), which provides that an alien ordered removed may be detained beyond the 90-day removal period, *see id.*;[1] and *Zadvydas v. Davis*, in which the Supreme Court held that Section 1231(a)(6) limits post-removal-period detention to a period reasonably necessary to effect removal and that a period of detention of six months is presumed reasonable. *See Zadvydas v. Davis*, 533 U.S. 678 (2001).

---

[1] Petitioner actually cites 8 U.S.C. 1236(a)(6), but no such section exists, and the Court assumes that petitioner intended to cite to Section 1231.

Petitioner also appears to concede in his petition, however, that his appeal from the removal decision remains pending, which would mean that his removal order is not yet administratively final and his 90-day removal period has not yet begun. *See* 8 U.S.C. § 1231(a)(1)(B)(i). Accordingly, it appears from the face of the petition that he has not been detained beyond the 90-day removal period as claimed.[2]

8 U.S.C. § 1226 provides that during the pre-removal period, an alien may be released on bond unless he has committed one of a list of certain offenses, in which case the alien must be detained and may not be released (except for witness protection purposes). *See id.* § 1226(a), (c). Petitioner has not submitted his removal order or identified the statutory basis for his initial detention, however, and thus the Court cannot determine the basis for any claim that petitioner's pre-removal-period detention has been unreasonable.[3]

---

[2] The Court notes that it lacks jurisdiction to review petitioner's final order of removal. *See Ferry v. Gonzalez*, 457 F.3d 1117, 1131 (10th Cir. 2006) (citing 8 U.S.C. § 1252(a)(5)).

[3] The Supreme Court has interpreted Section 1226(c) not to contain any implicit duration limits or other exceptions to mandatory detention for such aliens. *See Jennings v. Rodriguez*, 583 U.S. 281, 296-312 (2018). The Supreme Court has also held that that requirement is constitutional in light of the limited period during removal proceedings. *See Demore v. Kim*, 538 U.S. 510, 529-31 (2003). Since the time *Demore* and *Jennings* were decided, however, some courts have considered various factors and addressed claims that mandatory detention under Section 1226(c) may become unconstitutionally prolonged. *See Moreno-Bastidas v. Barr*, 2020 WL 3639774, at *8-10 (D. Kan. July 6, 2020) (Lungstrum, J.) (discussing cases); *see also, e.g.*, *Jalloh v. Garland*, 2023 WL 3690252 (W.D. Okla. May 26, 2023). Again, however, it is not clear whether petition is subject to mandatory detention in this case. Moreover, petitioner has not identified sufficient facts (including facts relating to the likelihood or likely timing of his removal) to show that his continued detention has become unjustified or unreasonable. *See Moreno-Bastidas*, 2020 WL 3639774, at *10 (petitioner who had been in detention only a little over five months Continued…

The Court thus requires petitioner to explain, in a response filed with the Court, how his claim has merit in light of the concerns raised herein.

IT IS THEREFFORE ORDERED BY THE COURT THAT petitioner is hereby required to show cause on or before **September 20, 2024**, why his petition should not be denied for the reasons set forth herein.

IT IS SO ORDERED.

Dated this 21st day of August, 2024, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

---

had not shown that his detention under Section 1226(c) had become unreasonable or unjustified).

3