IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

OLAOLUWA EMMANUEL DESMOND KALIKU,      )
                                        )
                  Petitioner,           )
                                        )
       v.                               )        Case No. 24-3144-JWL
                                        )
U.S. IMMIGRATION AND CUSTOMS            )
       ENFORCEMENT;                     )
KEVIN RIDDLE, ICE Field Office Director; )
JACOB WELCH, Warden, Chase County Detention )
       Center,                          )
                                        )
                  Respondents.          )
                                        )
_____ )

## ORDER

Petitioner filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2241, claiming that he has been unreasonably detained for more than six months after his order of deportation signed on February 14, 2024.  On August 21, 2024, the Court ordered petitioner to show cause why the petition should not be dismissed, in light of his apparent concession that his appeal from the removal decision remains pending, which would mean that his removal order is not yet administratively final and his 90-day removal period has not yet begun.  *See* 8 U.S.C. § 1231(a)(1)(B)(i).  When the Clerk of the Court mailed a copy of that show-cause order to petitioner at his place of imprisonment at the address included in the petition (the Chase County Detention Center), the mailing was returned to the Court as undeliverable, and the detention center confirmed to the Clerk that petitioner was no longer imprisoned there.  The Court therefore dismissed this case based on petitioner's failure to

notify the Court of a change of address in violation of D. Kan. Rule 5.1(c)(3).  The Court stated in the order of dismissal that petitioner could revive this action "by filing a motion to reopen the case that includes a response to the Court's show-cause order."

Petitioner has now notified the Court of his new place of detention, and he has filed a motion to reopen the case (Doc. # 8).  Petitioner states that he was "advised" that his case had been dismissed because of his transfer between detention centers, and that he is requesting that the case be reopened.  He also states that his prior detention center and ICE have refused to provide him with copies of his correspondence with ICE, and he requests an order compelling such a disclosure so that he may present evidence to the Court. Petitioner has not responded to the issues raised in the Court's show-cause order as required, however; nor has he indicated that he has received a copy of that order or the order of dismissal.

Accordingly, the Court **denies without prejudice** the motion to reopen the case.  If petitioner files another motion to reopen the case, he must include a response to the Court's Order to Show Cause that explains why he has a claim that may be redressed by this Court. He may also file a separate motion to compel discovery of his correspondence, which the Court will address if the case is reopened.  The Clerk of Court is directed to send petitioner copies of the Order to Show Cause and the Order of Dismissal along with a copy of this order.

IT IS THEREFFORE ORDERED BY THE COURT THAT petitioner's motion to reopen the case (Doc. # 8) is hereby **denied without prejudice**.

IT IS SO ORDERED.

Dated this 24th day of September, 2024, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge